UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROSE STERLING,

              Plaintiff,

-against-

HUMAN RESOURCES ADMINISTRATION
(SOCIAL SERVICES),

              Defendant.

21-CV-10192 (LTS)

ORDER TO AMEND

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is proceeding *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendant violated her rights and those of her deceased son. By order dated January 26, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this complaint against the New York City Human Resources Administration (HRA), asserting that the agency is responsible for the death of her son, Bob V.E. Sterling. She seeks payment of her son's death benefits and other damages.[1]

The following information is taken from the complaint. Plaintiff was the caregiver for her son, Bob, who had unspecified disabilities and suffered from asthma. On unspecified dates, the

---

[1] On January 14, 2022, Plaintiff submitted to the court a letter and attachments, in which she asserts that she has requested a Fair Hearing in pending administrative proceedings before HRA and filed this action out of concern that the statute of limitations for this action may expire. (ECF 4, at 1.)

New York City Administration for Children's Services (ACS) "baselessly" accused Plaintiff of abusing Bob, and later ACS's contractor, Good Shepherd Services, wrote false reports, one of which became the basis for institutionalizing Bob and attempting to deport Plaintiff. (ECF 1, at 5.) ACS and Good Shepherd also

> collected [their] personal event, the one not related to the case at stake, then dispatched [their] personal information to their friends, family, and ethnic networks, blocked rights to access to adequate and affordable housing, a right that gives priority to children under ACS to adequate housing.

(*Id*.) Despite these obstacles, Plaintiff and Bob found a "small place," on which ACS refused to pay "the $1800 down payment, which was wrong.". (*Id*.)

Sometime later, HRA switched Bob's Medicaid insurance to an Aetna plan with a life insurance program without informing Bob or Plaintiff of the change. Aetna subsequently denied Bob "medications and standard care," including an inhaler for his asthma (*Id*.) Plaintiff and Bob went to HRA and "pleaded for help," including switching back to Medicaid, but HRA did not correct the matter. (*Id*.) On November 28, 2020, while taking a shower, Bob collapsed in the bathtub and died.

Plaintiff attributes Bob's "premature death" to the denial of medication, particularly the inhaler. (*Id*.) She asserts the following as her injuries:

> Death of my beloved son Bob, along with, severe emotional distress; deep pain and suffering: alienation of my whole personal, familial and professional lives; the introduction of the HRA along with its phony agencies and preventives services have created a hostile environment for me, especially had set all Jewish groups for which Jennie Amanda Herz and Allen McCormick who were paid to collect out personal are after me because I have detected their scheme, denounced them to state and federal governments. Although I committed no crime, they have been using the solidarity of their network to take revenge on me and Bob, including at the workplace, and hospital and clinic controlled by them where Bob was giving the deadly shot that provoked his breathing problems and led to his

death (and this is consistent with the cause of Bob's death on his Death
Certificate.[2]

(*Id*. at 6.) Plaintiff asks the Court "to recuperate the unethical death benefit that was the motive and cause of denying [Bob] medications that led to his death." (*Id*.)

## DISCUSSION

A.   **Claims on behalf of Bob Sterling**

Plaintiff's main assertion in the complaint is that HRA changed Bob's insurance from Medicaid to Aetna without notice and consent, and as a result, he was denied medications, including an inhaler that led to his premature death. Plaintiff asserts claims primarily on behalf of her son. As a *pro se* litigant, however, Plaintiff generally cannot act on behalf of another. *See U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause." (internal quotation marks and citation omitted)); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause.").

"[T]he administrator and sole beneficiary of an estate with no creditors may appear *pro se* on behalf of the estate." *Guest v. Hansen*, 603 F.3d 15, 21 (2d Cir. 2010); *see also Pappas v. Philip Morris, Inc.*, 915 F.3d 889, 897 (2d Cir. 2019). But when the estate has beneficiaries or creditors other than the litigant, the "action cannot be described as the litigant's own, because the personal interests of the estate, other survivors, and possible creditors . . . will be affected by the outcome of the proceedings." *Iannaccone v. Law*, 142 F.3d 553, 559 (2d Cir. 1998); *Pridgen v.*

---

[2] Plaintiff also asserts in the January 14, 2022 submission, that on an unspecified date, Bob was given a "premeditated shot that caused [] chronic and unbearable breathing problems." (ECF 4, at 13.)

4

*Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) ("[A]n administratrix or executrix of an estate may not proceed *pro se* when the estate has beneficiaries or creditors other than the litigant.").

Here, Plaintiff does not allege that she is an attorney, and does not indicate whether she has been appointed administrator or personal representative of Bob's estate, or whether there are any other beneficiaries or creditors of the estate. It therefore appears that Plaintiff lacks standing to assert claims on behalf of Bob's estate. *See Garmon v. Cty. of Rockland*, No. 10-CV-7724 (ALC) (GWG), 2013 WL 541380, at *3 (S.D.N.Y. Feb. 11, 2013) ("Since Plaintiff was not named the administrator of the estate, he does not have standing to bring claims belonging to the decedent.") (collecting cases).

**B.   Claims under Section 1983**

Even if Plaintiff could assert claims on behalf of Bob's estate, she does not clearly state a federal claim for relief. Plaintiff's assertions could be read as a claim that HRA improperly changed Bob's Medicaid benefits without notice or consent, depriving him of a property interest without due process of law in violation of the Fourteenth Amendment.

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." Where a plaintiff sues a defendant "to enforce procedural due process rights, a court must determine (1) whether a [liberty or] property interest is implicated, and if it is, (2) what process is due before the plaintiff may be deprived of that interest." *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011) (citation omitted). "The fundamental requisite of due process of law is the opportunity to be heard . . . at a meaningful time and in a meaningful manner." *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (citations omitted). Generally, due process requires some kind of hearing prior to a final deprivation of an individual's liberty or property interest. *See Hodel v. Va. Surface Mining & Reclamation Ass'n, Inc.*, 452 U.S. 264, 299 (1981); *DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003).

5

Public assistance benefits, such as Medicaid, "have long been afforded constitutional protection as a species of property protected by the federal Due Process Clause." *Kapps v. Wing*, 404 F.3d 105, 112 (2d Cir. 2005); *see Mayer v. Wing*, 922 F. Supp. 902, 910 (S.D.N.Y. 1996) ("Medicaid benefits are a protectable 'property interest' under the Fourteenth Amendment") (citation omitted); *see also Marvin v. Peldunas*, No. 16-CV-1456 (NSR), 2020 WL 5548823, at *4 (S.D.N.Y. Sept. 16, 2020) (same); *Duncan v. Sullivan Cnty*, No. 18-CV-9269 (VB), 2020 WL 1033064, at *8 (S.D.N.Y. Mar. 2, 2020) (same). Federal regulations require that a state taking action on Medicaid benefits must have a hearing system that "meet[s] the due process standards set forth in *Goldberg v. Kelly*," a system providing an adequate hearing. 42 C.F.R. § 431.205(d); *see Goldberg*, 397 U.S. at 261. When a person's Medicaid benefits are terminated, the person "is entitled to constitutional due process, such as notice and a hearing, if timely requested." *Graus v. Kaladjian*, 2 F. Supp. 2d 540, 544 (S.D.N.Y. 1998).

New York State law provides a remedy to challenge the deprivation of public assistance benefits. For example, under New York law, an individual may challenge the deprivation of benefits in a fair hearing pursuant to N.Y. Soc. Serv. Law § 22 and 18 N.Y.C.R.R. § 358, or in the state courts in an Article 78 proceeding under N.Y.C.P.L.R. § 7801 *et seq*. Federal courts have found these remedies to be constitutionally adequate procedures to challenge adverse determinations in connection with government entitlement programs. *See Banks v. HRA*, 2013 WL 142374, at *3 (E.D.N.Y. Jan. 11, 2013); *Vapne v. Eggleston*, No. 04-CV-565 (NRB), 2004 WL 2754673, at *5 (S.D.N.Y. Dec. 1, 2004).

Here, Plaintiff does not assert that she was denied access to the fair hearing process or that the state courts were unavailable to challenge the alleged deprivation. In fact, Plaintiff asserts in her January 14, 2022 letter that she is presently in administrative proceedings regarding

the change of Bob's insurance from Medicaid to Aetna and that she has requested a Fair Hearing. (*See* ECF 4, at 1.) She also suggests that she is resorting to this court in anticipation that her available state post-deprivation remedies may result in an unsatisfactory decision. The possibility of an adverse decision is not sufficient for a denial of due process claim, so long as available post-deprivation procedures are constitutionally adequate.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Although the Court is inclined to dismiss Plaintiff's complaint for the reasons stated above, in an abundance of caution, the Court grants Plaintiff leave to amend.

Should Plaintiff choose to submit an amended complaint, she must allege facts suggesting that she has standing to bring claims on behalf of Bob's estate. She must include in the amended complaint information about whether she has been appointed administrator or personal representative of her Bob's estate, and whether there are any other beneficiaries or creditors of the estate. In addition, Plaintiff must provide facts indicating a viable due process

claim, such as the unavailability or inadequacy of state post-deprivation procedures to challenge the alleged termination of Bob's Medicaid benefits.[3]

Plaintiff is granted leave to amend her complaint as provided above. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

---

[3] Plaintiff is also free to assert any state-law claims she may have against HRA. The Court notes, however, that it likely would decline to exercise supplemental jurisdiction of such claims if the federal claims, "over which it has original jurisdiction," 28 U.S.C. § 1367(c)(3), are dismissed. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (noting that "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction").

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.[4]

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-10192 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

---

[4] Plaintiff may consider contacting the New York Legal Assistance Group's (NYLAG) Legal Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. A copy of the flyer with details of the clinic is attached to this order. The clinic is currently available **only** by telephone.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated: February 2, 2022
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

# Notice For Pro Se Litigants

As a public health precaution, the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants has temporarily suspended all in-person client meetings as of Tuesday, March 17, 2020.

Limited scope legal assistance will continue to be provided, but only by appointment and only over the phone. During this time, we cannot assist walk-in visitors to the clinic.

If you need the assistance of the clinic, please call **212-659-6190** and leave a message, including your telephone number, and someone will get back to you as soon as possible. If you do not leave a message with your telephone number, we cannot call you back.

Please be patient because our responses to your messages may be delayed while we transition to phone appointments.





UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
Write the full name of each plaintiff.

-against-

_____
_____
_____
_____
Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

I. **BASIS FOR JURISDICTION**

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

A. **If you checked Federal Question**

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

B. **If you checked Diversity of Citizenship**

1. **Citizenship of the parties**

Of what State is each party a citizen?

The plaintiff, _____, is a citizen of the State of
                    (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
            (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name          Middle Initial          Last Name

_____

Street Address

_____

County, City          State          Zip Code

_____

Telephone Number          Email Address (if available)

Page 3

B.  **Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:
　　　First Name　　　　　　　Last Name

　　　Current Job Title (or other identifying information)

　　　Current Work Address (or other address where defendant may be served)

　　　County, City　　　　　　State　　　　　Zip Code

Defendant 2:
　　　First Name　　　　　　　Last Name

　　　Current Job Title (or other identifying information)

　　　Current Work Address (or other address where defendant may be served)

　　　County, City　　　　　　State　　　　　Zip Code

Defendant 3:
　　　First Name　　　　　　　Last Name

　　　Current Job Title (or other identifying information)

　　　Current Work Address (or other address where defendant may be served)

　　　County, City　　　　　　State　　　　　Zip Code

Defendant 4:

First Name        Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City        State        Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

Dated _____   Plaintiff's Signature _____

First Name _____   Middle Initial _____   Last Name _____

Street Address _____

County, City _____   State _____   Zip Code _____

Telephone Number _____   Email Address (if available) _____

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.